IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VANESSA RIVERA, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | |
| | : | |
| A.C. MOORE ARTS & CRAFTS, INC., A.C. | : | |
| MOORE INCORPORATED, A.C. MOORE ARTS | : | |
| AND CRAFTS, BRAD GODETTE, AND | : | |
| LAURA DORON, | : | |
| Defendants. | : | |

## COMPLAINT

### JURY TRIAL DEMANDED

**INTRODUCTION:**

1.      This action is brought by Vanessa Rivera to redress her deprivation of rights and protections under the Civil Rights Act of 1866; Section 1981 (Section 1981)(Count I),and Title VII of the Civil Rights Act of 1964, as amended (Title VII)(Count II), and Family and Medical Leave Act (FMLA)(Count III), and Pennsylvania Human Relations Act (PHRA)(Count IV), and for claims of Intentional Infliction of Emotional Distress (IIED)(Count V),Defamation (Count VI) and Wrongful Discharge (Count VII).  In support of these claims, Plaintiff alleges:

**JURISDICTION AND VENUE:**

2.      Original jurisdiction founded on the existence of questions arising under particular statutes.  The action arises under the Civil Rights Act of 1866; Section 1981, Title VII of the Civil Rights Act of 1964, as amended, and Family Medical Leave Act, as amended.

3.      Jurisdiction founded upon principles of pendent jurisdiction under 28 U.S.C. Section 1367 that authorizes the court to supplemental jurisdiction over any claims against

parties that are part of the same controversy as the claim that provides the basis for the court's original jurisdiction.

4.     Jurisdiction founded for reasons of diversity.  Defendants A.C. Moore Incorporated, A.C. Moore Arts and Crafts, and A.C. Moore Arts & Crafts, Inc., are headquartered and/or incorporated outside the Commonwealth of Pennsylvania.

5.     Defendants are employers with more than five hundred employees.

6.     The matter in controversy exceeds, exclusive of interests and costs, the sum of one hundred thousand dollars.

7.     The unlawful practices and harm complained of occurred in Lancaster County and Berks County in the Commonwealth of Pennsylvania where Defendants conducted business and where the plaintiff performed services as an employee for seven (7) years.  Venue therefore lies in the Eastern District of Pennsylvania.

**PARTIES:**

8.     Plaintiff Vanessa Rivera resides in Lancaster County in the Commonwealth of Pennsylvania.  At all times relevant, Plaintiff Vanessa Rivera performed services for and on behalf of A.C. Moore Defendants.  Plaintiff worked and was employed for seven (7) years at the retail business A.C. Moore Arts & Crafts owned, operated and managed by the A.C. Moore Defendants.  Her last position was an Assistant General Manager working at Store #005 in Berks County, Pennsylvania.

9.     Defendant A.C. Moore Arts & Crafts, Inc., is a specialty retailer offering arts, crafts and floral merchandise.  Defendant A.C. Moore Arts & Crafts, Inc., employed Plaintiff to work at their retail stores.  Her last position was as an Assistant General Manager working at Store #005 in Berks County, Pennsylvania.

10.     Defendant A.C. Moore Incorporated is a specialty retailer offering arts, crafts and floral merchandise.  Defendant A.C. Moore Incorporated employed Plaintiff to work at their retail stores.  Her last position was as an Assistant General Manager working at Store #005 in Berks County, Pennsylvania.

11.     Defendant A.C. Moore Arts and Crafts is a specialty retailer offering arts, crafts and floral merchandise.  Defendant A.C. Moore Arts & Crafts employed Plaintiff to work at their retail stores.  Her last position was as an Assistant General Manager working at Store #005 in Berks County, Pennsylvania.

12.     Defendant Brad Godette is the Regional Human Resource Manager for Defendants A.C. Moore.  Defendant Godette was a decision-maker relative to Plaintiff's employment and termination from employment.  At all times relevant, Defendant Godette acted for Defendants A.C. Moore and/or acted individually on his own behalf.

13.     Defendant Laura Doron is the Vice President of Human Resources for Defendants A.C. Moore.  Defendant Doron was Defendant Godette's direct supervisor.  At all times relevant, Defendant Doron acted for the Defendants A.C. Moore and/or acted individually on her own behalf.

**CLAIMS:**

14.     Plaintiff is a dark-skinned Hispanic female, born in Puerto Rico.  At all times relevant, Plaintiff was pregnant.  Plaintiff is a member of protected classes on the basis of her sex, race, color and national origin.

15.     On July 12, 2006, Defendants hired Plaintiff to work in their A.C. Moore Arts & Crafts stores as a part-time cashier working in Store # 17 located in Lancaster, Lancaster County, Pennsylvania.

16.     On or about July 3, 2007, Plaintiff was promoted to full-time Department Merchandiser at Store # 17 located in Lancaster, Lancaster County, Pennsylvania.

17.     On or about September 16, 2008, Plaintiff was promoted to full-time Merchandising Supervisor at Store # 17 located in Lancaster, Lancaster County, Pennsylvania.

18.     On October 19, 2009, as a result of Plaintiff's qualifications and exemplary work performance, Plaintiff was promoted to Assistant General Manager at Store # 17 located in Lancaster, Lancaster County, Pennsylvania.

19.     In 2010, Plaintiff reported through the company's Business Abuse Hotline that she was subjected to sexual harassment by the Store Manager of Store # 17 where Plaintiff then worked and to whom she reported.  The Store Manager made derogatory and offensive solicitations to go out for drinks or a date with her.  Plaintiff rejected the invitations for intimacy.  Thereafter, he retaliated against her with changed work conditions and hostility.  He made race related remarks for example: mocking her English commenting "not the English that I understand" and "Can you go help one of **your kind**".  He threatened the plaintiff that if she wants to be and remain an "AGM" (Assistant General Manager) then she has to tolerate the ridicule and hostility.

20.     Defendants A.C. Moore did not respond to Plaintiff's complaint nor take effective remedial action.  Defendants A.C. Moore did not conduct an investigation.

21.     As a result of A.C. Moore Defendants' failure to act on her harassment complaint, Plaintiff sought reassignment and explored available posted openings.

22.     An opening was available at Store # 125 located in York, York County, Pennsylvania.  Defendants A.C. Moore offered Plaintiff the position and informed her that General Manager Judy Wards had a reputation for being "difficult to work for" and that Store

#125 has a high turnover. On or about October 17, 2011, Plaintiff accepted the position as Assistant General Manager at Store # 125 in York, York County, Pennsylvania reporting to General Manager Judy Wards.

23.     On or about November 22, 2011, through the Business Abuse Hotline, Plaintiff reported General Manager Wards' misconduct, staff harassment and select favoritism at Store # 125.

24.     Plaintiff's complaints were investigated by Human Resource Representative, Pat Carcione. Ms. Carcione shared information from the investigation with General Manager Wards to which Manager Judy Wards was aware that the plaintiff had reported the complaints against her.

25.     As a result of the investigation, Judy Wards was issued a disciplinary action in the form of a Documented Verbal Counseling.

26.     General Manager Judy Wards retaliated against the plaintiff that she supervises. After the disciplinary action issued November 30, 2011, Manager Judy Wards refused to speak with the plaintiff and refused to train her, culminating in a hostile work environment causing Plaintiff stress and emotional distress, nervousness and anxiety.

27.     On December 3, 2011, Plaintiff reported the retaliation and continued harassment through the Business Hotline. Plaintiff reported that General Manager Judy Wards exhibited harassing behavior, violated company policies, and retaliated against the plaintiff after the investigation was conducted.

28.     Plaintiff told Human Resources that she was trying to stay positive but Manager Judy Wards' hostility, retaliation and bullying affected her physical and emotional health. On

December 27, 2011, Plaintiff, an Assistant General Manager, was transferred to Store # 005 located in Reading, Berks County, Pennsylvania.

29.     Steph McGowen was the General Manager at Store #005 in Reading.  Manager McGowen was Plaintiff's direct supervisor and direct report.

30.     During the remainder of Plaintiff's employment from January 2012 to July 2013, Plaintiff repeatedly reported to District Manager John Argiros that General Manager Steph McGowen was stealing time from Defendants A.C. Moore.

31.     March 2013, Plaintiff informed her direct supervisor Steph McGowen, General Manager, that she was pregnant and had work restrictions for weight limits and breaks.

32.     Plaintiff was unable to bend, jump, climb, lift over twenty (20) pounds, push or pull over twenty (20) pounds, and had to take a fifteen (15) minute break every four (4) hours as needed.  Plaintiff's work restrictions, dated March 7, 2013, were provided to Defendants A.C. Moore.

33.     On June 25, 2013, Plaintiff's work restrictions were updated to the following: no lifting over ten (10) pounds, no jumping, no climbing, no walking/standing/sitting over three (3) continuous hours, and needed fifteen (15) minute breaks every three (3) hours until delivery.

34.     On June 26, 2013, Defendants A.C. Moore acknowledged receipt of Plaintiff's updated work restrictions.  However, Defendants A.C. Moore requested additional medical documentation due back to their attention by July 8, 2013.

35.     Plaintiff completed her required additional medical documentation.  Plaintiff's doctor was on vacation until July 15, 2013 and Plaintiff's follow-up appointment was not until July 25, 2013.

36.     On July 18, 2013, Plaintiff presented Defendants A.C. Moore with work restrictions from a different medical provider stating that Plaintiff is under their care until her estimated due date of October 20, 2013.  Plaintiff experienced pregnancy related complications. Plaintiff was restricted to no lifting, pushing or pulling anything over ten (10) pounds and to limit her continuous standing to three (3) hours with fifteen (15) minute breaks thereafter.

37.     On or about July 18, 2013, Plaintiff's Sister Jeanette went into the Lancaster Store # 17 and returned decorative birds that Plaintiff had purchased for the baby shower that Plaintiff's two (2) sisters were making for her.  Jeanette did not like the birds and returned the birds at Store # 17 that was closest to Jeanette's home in Lancaster.  Jeanette did NOT inform Plaintiff that she was returning the decorative birds because she did not want to hurt Plaintiff's feelings.

38.     The clerks at Store # 17 were rude and belligerent to Jeanette.

39.     Jeanette informed Plaintiff of the rude and belligerent customer service that she received at Store # 17.  Plaintiff assisted her sister in reporting the poor customer service to Defendants A.C. Moore.  Jeanette is Hispanic and Spanish is her first language.  Plaintiff provided her sister with the Hot Line telephone number and called on Plaintiff's phone so that Plaintiff was present for the report.  Plaintiff did NOT make the complaint.

40.     The customer complaint came from Plaintiff's phone number and was forwarded to Defendant Laura Doron, the Vice President of Human Resources.

41.     On July 19, 2013, Monica Molito, Benefits & Compensation Manager for A.C. Moore, informed Plaintiff that her medical restrictions were denied.  Monica Molito works in Human Resources with Defendant Brad Godette, Regional Human Resource Manager for Defendants A.C. Moore.

42.     Defendant Laura Doron acknowledged that Jeanette reported a valid complaint about poor customer service at Store # 17.

43.     Defendants Laura Doron and Brad Godette falsely accused Plaintiff of making the complaint against personnel at Store # 17.

44.     Defendants Laura Doron and Brad Godette falsely accused Plaintiff of knowingly making a return without a receipt. Plaintiff did NOT make the return, was NOT present with Jeanette when the return was made, and did NOT know that Jeanette made the return until AFTER the return was made.

45.     Defendants Laura Doron and Brad Godette falsely accused Plaintiff of using multiple reward cards in the name of Vanessa Rivera despite later acknowledging the different addresses and that Plaintiff could not have made multiple coupon purchases because she was working at the time and date of the alleged purchase.

46.     Defendant Brad Godette was aware of Plaintiff's pregnancy and that Benefits Manager Monica Molito denied Plaintiff's pregnancy related restrictions/special accommodations. Defendant Brad Godette falsely accused Plaintiff of being "disgruntled". Unbeknownst to Plaintiff, the A.C. Moore Defendants were planning to have her "step down" from her position.

47.     On July 24, 2013, Plaintiff was interrogated by Loss Prevention in person and by Defendant Godette appearing by telephone. They falsely accused Plaintiff of violating the Associate Discount Policy and violating the Employee Rewards program. They informed Plaintiff that she was under investigation. At the conclusion of the interrogation, Plaintiff was suspended. Defendant Godette informed Plaintiff that he would contact her with a decision on

her employment upon completion of the investigation.  Plaintiff was walked off the premises and instructed to hand in her keys.

48.     During the interrogation on July 24, 2013, with Defendant Godette, Plaintiff again reported the sexual harassment by the General Manager of Store # 17 that she had previously reported to the Hotline without a return response or remedial action taken by Defendants A.C. Moore.  Plaintiff complained that she was being retaliated against for reporting sexual harassment, reporting manager misconduct and requesting pregnancy related accommodations (including upcoming medical leave for the birth of her child in October 2013).

49.     The stress of the false accusations caused Plaintiff to suffer extreme physical distress that threatened her health and the health of her then unborn child.  Plaintiff had informed the A.C. Moore Defendants that she had suffered signs of a miscarriage and that she was having bleeding complications.

50.     While escorted off the premises on July 24, 2013, Plaintiff was so worked up that she stated to Investigator Heerden that her health was at risk and she was not returning.  Within fifteen (15) minutes or so, Plaintiff telephoned Ms. Heerden and revoked her resignation that was given in the heat of the moment.  Plaintiff requested copies of the investigation.

51.     Ms. Heerden had no authority to accept Plaintiff's resignation.

52.     On July 30, 2013, Defendant Godette contacted Plaintiff and informed her that the investigation was completed and that A.C. Moore accepted her resignation.

53.     On July 30, 2013, Plaintiff did not have a resignation pending before A.C. Moore.

54.     Defendant Godette and his supervisor, Defendant Doron made the determination to discharge Plaintiff from employment for A.C. Moore.

55.     Defendant Godette admitted that Plaintiff was not returned from suspension "because of all the other issues that she was starting to bring up" including her pregnancy related health and sexual harassment.

56.     Defendants wrongfully discharged Plaintiff in retaliation for reporting management misconduct and suspect illegal activity of stealing time and hours.

57.     Defendants subjected Plaintiff to disparate treatment and adverse actions, suspension and discharge, and discriminated against her on the basis of her race, color, national origin and sex/pregnancy.

58.     Defendants retaliated against the plaintiff for engaging in protected activity.

59.     Defendants interfered with Plaintiff's rights and benefits under the Family Medical Leave Act and wrongfully discharged her to deprive her of entitled medical leave for the birth of her child due in October 2013.

60.     Defendants subjected Plaintiff to hostile work environment and published false accusations that she was a thief and deceitful.

61.     Defendants' joint and separate conduct caused Plaintiff to suffer physical and emotional distress to which she sought and received care and treatment.

62.     Defendants acted intentionally, recklessly, maliciously and outrageously.

63.     Plaintiff was an excellent and loyal employee.  She received promotions and commendations for her customer service.

64.     Defendants' published falsehoods that Plaintiff was a thief and deceitful.  The falsehoods were not true.  The falsehoods tarnished Plaintiff's good name and reputation.  The falsehoods were published to individuals and staff that had no right to know.  Defendants abused any privilege to publish the falsehoods.

65.     Defendants' actions violated the Pregnancy Discrimination Act.

66.     Defendants failed to take effective remedial action for reported complaints of sexual harassment.

67.     Defendants retaliated against Plaintiff because she reported sexual harassment.

68.     Defendants subjected Plaintiff to disparate treatment and discrimination because she is Hispanic and English is her second language.

69.     Defendants subjected Plaintiff to race/color/national origin harassment.

70.     As a result of the Defendants' joint and separate conduct, the plaintiff suffered harm and damages.

71.     The plaintiff timely filed charges of discrimination with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission.  The Plaintiff exhausted her administrative remedies.  See Notice of Right to Sue at Exhibit A.


## COUNT I

## VANESSA RIVERA V. A.C. MOORE ARTS & CRAFTS, INC., A.C. MOORE INCORPORATED, AND A.C. MOORE ARTS AND CRAFTS

## CIVIL RIGHTS ACT OF 1866; SECTION 1981

72.     The allegations of paragraphs 1 thru 71 are incorporated herein by reference.

73.     The conduct by Defendants described above constitutes violations of the Civil Rights Act of 1866; Section 1981.

74.     The conduct by Defendants described above was willful within the meaning of the Civil Rights Act of 1866; Section 1981.

**WHEREFORE**, Plaintiff Vanessa Rivera respectfully requests that this Honorable Court enter judgment in her favor and against Defendant A.C. Moore Arts & Crafts, Inc., A.C. Moore Incorporated, and A.C. Moore Arts and Crafts and the Court:

(A)    Award Plaintiff actual damages for loss of revenue, including back-pay, differential pay, future earnings and lost benefits with interest;

(B)    Award Plaintiff compensatory damages for distress, lost career, embarrassment, and humiliation;

(C)    Award Plaintiff punitive damages;

(D)    Award Plaintiff costs of this action and reasonable attorney's fees, and;

(E)    Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

## COUNT II

## VANESSA RIVERA V. A.C. MOORE ARTS & CRAFTS, INC., A.C. MOORE INCORPORATED, AND A.C. MOORE ARTS AND CRAFTS

### TITLE VII OF THE CIVIL RIGHTS ACT

75.    The allegations of paragraphs 1 thru 74 are incorporated herein by reference.

76.    The conduct by Defendants described above constitutes violations of Title VII of the Civil Rights Act of 1964, as amended.

77.    The conduct by Defendants described above was willful within the meaning of Title VII of the Civil Rights Act of 1964, as amended.

**WHEREFORE**, Plaintiff Vanessa Rivera respectfully requests that this Honorable Court enter judgment in her favor and against Defendants A.C. Moore Arts & Crafts, Inc., A.C. Moore Incorporated, and A.C. Moore Arts and Crafts and the Court:

(A)   Award Plaintiff actual damages for loss of revenue, including back-pay, differential pay, future earnings, and lost benefits with interest;

(B)   Award Plaintiff compensatory damages for distress, lost career, embarrassment, and humiliation;

(C)   Award Plaintiff punitive damages;

(D)   Award Plaintiff costs of this action and reasonable attorney's fees, and;

(E)   Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

## COUNT III

## VANESSA RIVERA V. A.C. MOORE ARTS & CRAFTS, INC., A.C. MOORE INCORPORATED, AND A.C. MOORE ARTS AND CRAFTS

## FAMILY AND MEDICAL LEAVE ACT

78.   The allegations of paragraphs 1 thru 77 are incorporated herein by reference.

79.   The conduct by Defendants described above constitutes violations of the Family and Medical Leave Act (FMLA).

80.   The conduct by Defendants described above was willful within the meaning of the Family and Medical Leave Act (FMLA).

**WHEREFORE**, Plaintiff Vanessa Rivera respectfully requests that this Honorable Court enter judgment in her favor and against Defendants A.C. Moore Arts and Crafts, Inc., A.C. Moore Incorporated, and A.C. Moore Arts and Crafts and the Court:

(A)   Award Plaintiff actual damages for loss of revenue, including back-pay, differential pay, future earnings, and loss in benefits with interest;

(B)   Award Plaintiff liquidated damages;

(C)   Award Plaintiff costs of this action and reasonable attorney's fees and costs, and;

(D)   Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

## COUNT IV

## VANESSA RIVERA V. A.C. MOORE ARTS & CRAFTS, INC., A.C. MOORE INCORPORATED, A.C. MOORE ARTS AND CRAFTS, BRAD GODETTE, AND LAURA DORON

## PENNSYLVANIA HUMAN RELATIONS ACT

81.   The allegations of paragraphs 1 thru 80 are incorporated herein by reference.

82.   The conduct by Defendants described above constitutes violations of the Pennsylvania Human Relations Act (PHRA).

83.   The conduct by Defendants described above was willful within the meaning of the Pennsylvania Human Relations Act (PHRA).

84.   The individually named Defendants Brad Godette and Laura Doron are liable to the plaintiff in that they aided and abetted discrimination.

88.     The plaintiff suffered great emotional distress, anguish, physical ailments, shame, stressed pregnancy and humiliation to which the plaintiff received care and treatment.

89.     Defendants, separately and jointly, are liable to Plaintiff for intentional infliction of emotional distress.

**WHEREFORE**, Plaintiff Vanessa Rivera respectfully requests that this Honorable Court enter judgment in her favor and against Defendants A.C. Moore Arts & Crafts, Inc., A.C. Moore Incorporated, A.C. Moore Arts and Crafts, Brad Godette, and Laura Doron and the Court:

(A)     Award Plaintiff actual damages for loss of revenue, including back-pay, differential pay, future earnings, and loss in benefits with interest;

(B)     Award Plaintiff compensatory damages for mental anguish, personal suffering, professional embarrassment, medical expenses and public humiliation;

(C)     Award Plaintiff punitive damages;

(D)     Award Plaintiff costs of this action and reasonable attorney's fees and costs, and;

(E)     Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

## COUNT VI

## VANESSA RIVERA V. A.C. MOORE ARTS & CRAFTS, INC., A.C.MOORE INCORPORATED, A.C. MOORE ARTS AND CRAFTS, BRAD GODETTE, AND LAURA DORON

## DEFAMATION

90.     The allegations of paragraphs 1 thru 89 are incorporated herein by reference.

16

91.     Defendants published false and damaging statements that Plaintiff was a thief, dishonest, deceitful, and untrustworthy.

92.     Defendants Laura Doron and Brad Godette falsely accused Plaintiff of making a costumer service complaint against personnel at Store # 17 that was made by Plaintiff's sister Jeanette.

93.     Defendants Laura Doron and Brad Godette falsely accused Plaintiff of knowingly making a return without a receipt and violating the Associates Discount Policy.  Plaintiff did NOT make the return, was NOT present with her sister Jeanette when the return was made, and Plaintiff did NOT know that Jeanette made the return until AFTER the return was made.

94.     Defendants Laura Doron and Brad Godette falsely accused Plaintiff of violating the Employee Rewards Program using multiple reward cards in the name of Vanessa Rivera despite later acknowledging the different addresses and that Plaintiff could not have made multiple coupon purchases because she was working at the time and date of the alleged purchase.

95.     The published falsehoods were untrue.  Plaintiff specifically denied the accusations.

96.     Defendants relied on the published falsehoods to suspend and discharge the plaintiff.

97.     Defendants, individually and jointly, were not privileged to publish the false statements/ accusations and any privilege was otherwise abused.

98.     Defendants published the false statements to staff that had no right to know or receive the falsehoods.

99.     As a result of the falsehoods, Plaintiff was wrongfully discharged, suffered financial losses, emotional harm, physical distress, stressed pregnancy, lost career, lost employee benefits including entitled maternity/medical leave and damages.

100.    Defendants acted intentionally, recklessly and maliciously, in total disregard of the truth.

101.    The defendants' actions, separately and jointly, were outrageous, willful and in blatant disregard of the rights of the plaintiff.

102.    Defendants, separately and jointly, are liable to the plaintiff for defamation.

**WHEREFORE**, Plaintiff Vanessa Rivera respectfully requests that this Honorable Court enter judgment in her favor and against Defendants A.C. Moore Arts & Crafts, Inc., A.C. Moore Incorporated, A.C. Moore Arts and Crafts, Brad Godette, and Laura Doron and the Court:

(A)     Award Plaintiff actual damages for loss of revenue, including back-pay, differential pay, future earnings, and loss is benefits with interest;

(B)     Award Plaintiff compensatory damages for distress, lost career, embarrassment, and humiliation;

(C)     Award Plaintiff punitive damages;

(D)     Award Plaintiff costs of this action and reasonable attorney's fees, and;

(E)     Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

## COUNT VII

## VANESSA RIVERA V. A.C. MOORE ARTS & CRAFTS, INC., A.C. MOORE INCORPORATED, AND A.C. MOORE ARTS AND CRAFTS

## WRONGFUL DISCHARGE

103.   The allegations of paragraphs 1 thru 102 are incorporated herein by reference.

104.   Defendants retaliated against Plaintiff and wrongfully discharged her in retaliation for reporting suspect management misconduct and suspect illegal management activity.

105.   Plaintiff's wrongful discharge violates public policy.

106.   Defendants are liable to the plaintiff for wrongful discharge.

107.   By reason of the conduct, the plaintiff suffered damages and harm, including, but not limited to, lost income, lost wages, lost employment benefits, lost career, lost reputation, embarrassment, hardship, out-of-pocket costs, medical expenses, humiliation, distress, and inconvenience.

108.   The defendants' conduct, as fully set forth above, was outrageous, intentional, malicious, willful, and in blatant disregard of the rights of the plaintiff.

**WHEREFORE**, Plaintiff Vanessa Rivera respectfully requests that this Honorable Court enter judgment in her favor and against Defendants A.C. Moore Arts & Crafts, Inc., A.C. Moore Incorporated, A.C. Moore Arts and Crafts and the Court:

(A)   Award Plaintiff actual damages for loss of revenue, including back-pay, differential pay, future earnings and loss in benefits with interest;

(B)   Award Plaintiff compensatory damages for distress, lost career, out-of-pocket expenses, medical reimbursement, embarrassment, and humiliation;

(C)   Award Plaintiff punitive damages;

(D)   Award Plaintiff costs of this action and reasonable attorney's fees and costs, and;

(E)   Award Plaintiff all other relief to which Plaintiff may appear entitled or which the Court deems appropriate and just.

Date: 7/16/2014

Respectfully submitted:

Nina B. Shapiro, Esquire
Attorney for Plaintiff Vanessa Rivera
ID # 44040
55 North Duke Street, Suite 201
Lancaster, PA 17602
(717) 399-8720
bgdnbs@aol.com

20

EXHIBIT A

EEOC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  **Vanessa Rivera**<br><br>█████████ | From:  **Cleveland Field Office**<br>**EEOC, AJC Fed Bldg**<br>**1240 E 9th St, Ste 3001**<br>**Cleveland, OH 44199** |

| ☐ | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **530-2013-03710** | **Phillip  Wawrosch,**<br>**Investigator** | **(216) 522-7435** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

| [X] | More than 180 days have passed since the filing of this charge. |
|---|---|
| ☐ | Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge. |
| [X] | The EEOC is terminating its processing of this charge. |
| ☐ | The EEOC will continue to process this charge. |

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

| ☐ | The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost. |
|---|---|
| ☐ | The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time. |

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Spencer H. Lewis, Jr. /CD*

**MAY 2 8 2014**

Enclosures(s)

Spencer H. Lewis, Jr.,
**District Director**

*(Date Mailed)*

cc:  Christine P. O'Hearn
Brown & Connery, LLP
360 Haddon Avenue
Westmont, NJ 08108

Nina B. Shapiro
53 North Duke Street
Suite 201
Lancaster, PA 17602